UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20875-CR-SEITZ

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**HENDY COLLADO,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On or about November 8, 2010, court-appointed defense counsel Susan Bozorgi ("Counsel") submitted a voucher application numbered FLS 09 2575 with appended time sheets requesting $25,047.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied detailed time sheets and an email dated January 28, 2011 (the "January 28, 2011 Email") in support of her voucher application. Counsel represented Defendant Hendy Collado ("Defendant") for nearly one year from her appointment on December 28, 2009 until November 4, 2010.

Counsel seeks $25,047.50 in her application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 309]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974, 974 (11th Cir. 2001) (holding that "district courts [alone] are vested with discretion" to make fee determinations under the CJA".) In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the

Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. Counsel's representation of Defendant was complex.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced by criminal Complaint **[DE # 3]** on September 24, 2009. The grand jury later returned several indictments **[DE # 13 & 40]**.

On December 17, 2009, the grand jury returned the Second Superseding Indictment **[DE # 66]**. Defendant was named for the first time in the Second Superseding Indictment. In this charging document, the government alleged that Defendant conspired to, and knowingly possessed, a stolen "interstate and foreign shipment of freight" in violation of 18 United States Code §§ 659 & 2. Specifically, the government alleged that Defendant and four co-defendants, stole a trailer full of frozen shrimp that were imported from Thailand and transported the trailer from Jacksonville, Florida to Miami. **[See DE # 1]**.

Second, shortly after Defendant was added to this case, the trial of this matter was scheduled to commence on February 10, 2010. This provided Counsel with less than two months in which to prepare for trial. As a result, Counsel was required to learn everything about this case very quickly. Counsel had to review all of the pleadings and the entire record

of what had occurred in the case prior to her appearance on an expedited basis.

Third, this case involved a large amount of discovery. As Counsel explained, "[t]here was a huge quantity of cumbersome phone records that took hours and hours to go through. I . . . had to be working around the clock to catalogue [the records] and to identify the calls." (January 28, 2011 Email). The sheer amount of discovery involved in this case required Counsel to expend more time than is usually required in the average case.

Fourth, this matter proceed to trial. Defendant was the only defendant to proceed to trial. Trial in this case lasted five (5) days. Defendant was convicted of Counts I and Counts II **[See DE # 279]**. He was sentenced to a total of twenty-seven (27) months as to each Count I and Count II, with the sentences to run concurrently. **[See DE # 279]**. Defendant was also ordered to pay restitution in the amount of $485,191.86.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the number of defendants in this case and the fact that the trial was scheduled to begin so soon after Counsel made her appearance in this case. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel did not specify either the

number of in-court hours or the number of out-of-court hours on the voucher worksheet.[1] The CJA administrator determined that Counsel requested compensation for 36.2 in-court hours and 161.3 out-of-court hours.

The CJA administrator also reviewed the voucher in order to determine the precise number of out-of-court hours Counsel sought in each category on the worksheet. The CJA administrator determined that Counsel sought compensation for: 44.3 hours for "Interviews and conferences", 87.5 hours for "Obtaining and reviewing records", 16.5 hours for "Legal research and brief writing", 6.0 hours of "Travel time" and 5.0 hours for "Investigative and Other work."

Counsel also sought $60.00 in "Travel Expenses". The CJA administrator slightly decreased this figure to $50.00. Counsel also sought $595.00 in "Other Expenses", a figure which the CJA administrator did not adjust. After making the one adjustment to the "Travel Expenses" category, the CJA administrator concluded that the overall total amount documented by Counsel in the voucher was $25,037.50.

### In-Court Hours[2]

The CJA administrator determined that Counsel sought 36.2 in-court hours totaling $4,510.00. I approve the amount of $4,510.00 as reasonable.

---

[1] In the future, the Court encourages Counsel to thoroughly and fully complete the CJA voucher worksheet so that she may aid the CJA administrator in her review of the voucher application.

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Out-of-Court Hours

The CJA administrator reviewed the voucher and determined that Counsel sought compensation for a total of 161.3 out-of-court hours, totaling $19,882.50. Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Following submission of her voucher, I met with Counsel on May 18, 2011 and asked her to explain these entries.

Although Counsel was able to clarify some of the questionable entries, Counsel candidly admitted that she could not explain some of the entries. I appreciate Counsel's candor in this matter. A few of the troublesome entries remain and I recommend that the time listed for these entries below be eliminated or reduced (problem entries are italicized):

| Date | Description | Hours |
|---|---|---|
| 2/9/10 | *Telephone call with Bonnie Williams;* left message for Tony Lacosta; telephone conference with Lacosta re position on motion for continuance | 0.40 hours [reduce to 0.3 hours] |
| 2/18/10 | *Telephone call with Tony Lacosta; Receipt of email* | 0.20 hours [eliminate] |

I recommend that the above entries be eliminated or reduced (amounting to 0.3 hours for a total of $37.50) because Counsel was unable to articulate the purpose of these calls. As a result, it is not possible for the Court to determine if these entries reflect an appropriate use of billable time.

Further, Counsel included some entries for clerical tasks that are not an appropriate use of billable time. Specifically, Counsel included the following clerical tasks in the voucher:

| Date | Description | Hours |
|---|---|---|
| 6/10/10 | Drafted the notice of expert and *filed it in CM/ECF* | 1.00 hour [reduce to 0.2 hours] |
| 8/10/10 | Prepared request for special instruction *and filed*; Prepared voir dire questions *and filed*; Prepared witness list *and filed*; Prepared motion in [sic] objection to deliberate ignorance instruction but did not file; Researched issues relating to special instruction for theory of defense; researched issue of deliberate ignorance | 7.00 hours [reduce to 6.5 hours] |

The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the above listed entries, a reduction of 1.3 hours totaling $162.50.

Counsel also included some entries with respect to time spent with Defendant's family that are not compensable:

| Date | Description | Hours |
|---|---|---|
| 2/17/10 | *Telephone conferences with Collado wife* and Collado later in the day | 0.30 hours [reduce to 0.1 hour] |
| 2/22/10 | *Telephone conference with defendant wife*; Email correspondence with client; Telephone conference with Tony Lacosta; Email to Tony Lacosta; left Joe Lopez a message | 0.60 hours [reduce to 0.4 hours] |

| | | |
|---|---|---|
| 8/23/10 | *Conference with Hendy cousin after court; Telephone conference with client's wife* | 0.50 hours [Eliminate] |
| 9/21/10 | *email back and forth with client's wife* | 0.20 hours [Eliminate] |

I recommend that the above entries be eliminated because the Supplemental Instructions provided by the Court explains that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." When asked about these entries during the May 18, 2011 meeting, Counsel candidly acknowledged that she spent a large amount of time speaking with Defendant's wife to explain the charges against Defendant. This time is "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's defense. The total reduction for the 1.1 hours identified above is $137.50.

Lastly, I recommend that two other entries in the voucher indicating time spent by Counsel for drafting motions which were never filed be eliminated:

| | | |
|---|---|---|
| 3/26/10 | *Drafted Motion for Expert funds; Drafted Motion for Investigation funds* | 1.50 hours [Eliminate] |
| 4/8/2010 | *Drafted second motion for expert fees* | 1.00 hour [Eliminate] |

My review of the docket in this case indicates that these motions were never filed. As these motions were never filed, I recommend that Counsel should not be entitled to compensation for these entries. These two entries amounted to 2.5 hours. Therefore, Counsel's voucher should be reduced by an additional $312.50. Considering all of the

reductions identified herein, I recommend that Counsel should not be compensated for a total of $650.00.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $19,232.50 for her out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $19,232.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought $60.00 in "Travel Expenses." The CJA administrator slightly decreased the amount claimed to $50.00. I hereby recommend approval of this amount. Counsel also sought $595.00 in "Other Expenses." The CJA administrator did not make any changes to this amount and I hereby recommend payment of the amount of $595.00 as requested by Counsel.

**CONCLUSION**

I commend Counsel for her professionalism and willingness to take this appointment; the undersigned is appreciative of her efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation provided by Counsel to Defendant in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the January 28, 2011 Email, the docket and filings in this case, I RECOMMEND that Counsel be paid $24,387.50 as fair and final compensation for her work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this ___ day of May, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
    Susan Bozorgi, Esq.
    Lucy Lara, CJA administrator